ACTION of assumpsit on two promissory notes for one thousand dollars each, made on the 1st day of January, 1877, one at twelve and the other at fourteen months, by John A. Vandergrift, Isaac W. Vandergrift, and Leonard G. Vandergrift to the order of George H. Hollis, the plaintiff. There were several credits indorsed on the back of the note first referred to. Heard before Comegys, C. J., and Wootten, J.
They were proved and read in evidence when the counsel for the plaintiff rested their case.
Lore, for the defendant, moved a nonsuit because in both of the counts in the declaration the notes were declared on as joint and several, but soon afterward withdrew the motion, and stated that the defense would be that two material alterations had been made in the notes after they were signed by all three of the makers of them without their knowledge and consent, by the interpolation of the words "or order," and the erasure of the words " Co." immediately following the name and signature of John A. Vandergrift, the first and principal maker of them when they were left with him by the other makers.
Frank Vandergrift, a youthful brother of the first and son of the third maker of them, was the subscribing witness to them, and was now called as such to the stand to prove the alleged alterations in them.
Higgins (Moore with him), for the plaintiff, objected to the admissibility of the proposed evidence pursuant to the provisions of the statute, Rev. Code 674, sec. 5, correct copies of the notes were duly filed with the declaration of the plaintiff in the prothonotary's office, and no affidavit denying their *Page 523 
signatures to the original notes of which they purported to be and were sworn and correct and literal copies having been filed by the defendant at the time of pleading to it, he was thereby concluded and estopped from denying and proving in the trial of the action that he and the other makers of them signed those very notes now before the court and jury; for that is what his proposed denial now amounts to — nothing more nor less.
Lore: Such a construction of the statutory provision cited on the other side could not be in accordance with the literal import of its terms or the true meaning and intention of it; and as it was in derogation of the common law and of the rights of a defendant in such a case under it, the court should and doubtless would construe it strictly. It had been generally if not universally understood by the members of the bar to be confined to cases where the names of the maker or makers had never in fact been signed to the paper.
The Court overruled the objection and admitted the evidence.
The witness was then examined and stated that he signed the notes as the witness to them, and saw the makers sign them before he did so, and he then saw the words " Co." were in them, next to the name of J. A. Vandergrift, which was the first name signed to them, but the words "or order" were not then in them. With this testimony the counsel for the defendant rested his case.
Peter W. Vincent was then sworn as a witness on the other side, and in reply to a question was proceeding to state that he was present when the notes were delivered to Hollis, the plaintiff, by John A. Vandergrift in Christfield, Maryland, and what was said by him in regard to the notes at that time, when Mr. Lore asked him if Isaac W. Vandergrift, the defendant, was present on that occasion, and being answered that he was not, objected to his stating anything that was said by John A. Vandergrift about the notes at that time.
The counsel for the plaintiff replied to the objection that it had already appeared in the evidence for the defendant — what *Page 524 
the court, however, would have presumed without it under the circumstances — that he was then acting as the actually accredited and appointed agent of the defendant and the other makers of the notes to deliver them to the plaintiff at the place mentioned where they both resided, and therefore anything he said to the plaintiff about the notes when he delivered them to him, although in the absence of the defendant, would be admissible in evidence against him. 2Whart. on Ev., sec. 1212; 1 Greenl. Ev., sec. 180; 1Harr. 23, 234.
The Court sustained the objection and excluded any such evidence.
The witness then proceeded and stated that he saw the notes on that occasion and they were just as they now appeared when they were delivered to Hollis at that time, and he remembered distinctly that Hollis then asked Vandergrift why the words " Co." had been scratched off of them.
Thomas S. Hodgson, Esq., an attorney-at-law, residing in Maryland, was also called as a witness on behalf of the plaintiff, but when he stated that he was counsel for the plaintiff with reference to the notes when they were given, but was not his counsel in this case, in answer to a question from Mr. Lore, he objected to his competency as a witness in this case upon that ground.
Moore: The witness was not of counsel for the plaintiff in that suit, and never had been, nor did they propose to prove by him anything which had been communicated to him by or which he had learnt from the plaintiff, but a matter of fact which he knew entirely independent of any knowledge or information received from him. 4Houst. 286, 305; 1 Greenl. Ev., sec 239.
The Court overruled the objection and admitted the witness.
He was then sworn and stated that he was acquainted with the handwriting of John A. Vandergrift and that the words "or *Page 525 
order" interlined in the notes were in his handwriting, and which was followed with the testimony of other witnesses to the same effect.
It was also proved that after the notes had matured, not being prepared to pay them, the makers all executed two joint and several judgment bonds for the real debt due on them respectively to the plaintiff, but on account of an informality in them he declined to accept them and afterward returned them to them.
The counsel for the defendant asked the court to charge the jury that as these were in express terms joint promissory notes only, and not joint and severally made by three joint makers, neither this, nor any other action would lie against any one of them severally upon such promissory notes.
The counsel on the other side, in reply to it, cited the provision of the statute which makes all contracts in writing joint and several.Rev. Code 357; 2 Ch. PL 116. They also cited on the doctrine of legal presumption in case of unexplained alterations appearing in written instruments 3 Houst. 647; 1 Greenl.Ev. sec. 564; Walters v. Short, 5Gilm. 252.
The Court,
That the action would lie upon the two promissory notes in question severally against the defendant as one of the three alleged joint makers of them under the provision of the statute referred to, although they appeared in terms to be their joint promissory notes only, and unless some other defense had been proved in the case to the satisfaction of the jury, their verdict should be in favor of the plaintiff. As to the alleged alterations in the notes, it having been clearly proved in the case that the words " Co." were expressly objected to by the defendant and were erased from them for that reason before they were signed by him and Leonard G. Vandergrift, and that John A. Vandergrift knew and approved of it before he delivered them to the plaintiff, it could not and should not have any effect under such circumstances, to invalidate the notes or to defeat the right of the plaintiff to recover upon them in the action. But if the other alteration, the words "or order" interlined in them, which the court considered *Page 526 
a material alteration, as it made the notes negotiable, which they were not without them, and thereby changed the character of them in a very material respect, were inserted in them by John A. Vandergrift or by any other person after they had been signed by the defendant and it was done without his knowledge and consent, it would vitiate and avoid the notes as to him, and the plaintiff could not recover on them against him, unless it had been proved to the satisfaction of the jury that the alteration referred to had so been made in them and that he approved of it; but his subsequent execution with the other two makers of the two judgment bonds for the amounts of them respectively after their maturity could not have that effect or constitute a recognition or approval of the alteration on his part, unless the jury were satisfied from the evidence that he knew when he executed the judgment bonds that such alteration had been made in them, and which were then in the possession of the plaintiff. The doctrine of law as to the presumptions of facts which arise in relation to alleged material alterations in written instruments, when unexplained by direct and positive evidence recognized and ruled in this court, he stated and read from the charge to the jury in the case of Welch v. Coulborn, 3Houst. 647.
The jury retired, and after being out a long time without being able to agree upon a verdict, were discharged by the court.